Filed 11/30/15  Perez v. Superior Court CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

|  |  |
|---|---|
| GABRIEL PEREZ et al., | B266675 |
| Petitioners, | (Los Angeles County Super. Ct. No. SC123764) |
| v. | |
| THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., | |
| Respondents; | |
| CORRY S. HONG et al., | |
| Real Parties in Interest. | |

APPEAL from an order of the Superior Court of Los Angeles County, Craig D. Karlan.  Petition granted.

Krishel Law Offices and Daniel L. Krishel; Law Offices of Steven J. Siebig and Steven J. Siebig for Petitioners.

Kulik Gottesman & Siegel, Glen L. Kulik and Patricia Brum for Real Parties in Interest.

Plaintiffs, Gabriel and Nicole Perez, have filed a mandate petition seeking to set aside a summary adjudication order in favor of defendants, Corry S. and Christine H. Hong. We issued an alternative writ of mandate and the respondent court issued an order on November 9, 2015, modifying its initial summary adjudication ruling. We need not discuss the parts of the original August 20, 2015 order concerning the timing of payment which were modified on November 9, 2015. What remains to be determined is whether the option agreement is unenforceable because plaintiffs breached material obligations owed under a lease and other documents. We apply the applicable summary judgment or adjudication standard of review. (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 850-851; *Kids' Universe v. In2Labs* (2002) 95 Cal.App.4th 870, 878.)

To begin with, defendants presented sufficient evidence to shift the burden of production on the materiality issue. (Code Civ. Proc., § 437c, subd. (p)(2); *Aguilar v. Atlantic Richfield Co., supra,* 25 Cal.4th at p. 851.) The opposition to the summary adjudication motion challenges whether the breaches of the obligations owed under the various documents were material. In this respect, we respectfully disagree with the views articulated in the respondent court's November 9, 2015 order. In our view, the materiality issue was preserved as we shall explain.

Ordinarily, the issue of whether a breach of an agreement is material is a question of fact. (*Whitney Investment Co. v. Westview Dev. Co.* (1969) 273 Cal.App.2d 594, 601; *Brown v. Grimes* (2011) 192 Cal.App.4th 265, 277.) Pages 3 through 13 of the summary judgment opposition argue that the alleged breaches of obligations were irrelevant and insignificant. The express theme of these pages is the alleged breaches were so insignificant they were never raised until after the complaint was filed. Further, plaintiffs repeatedly argued that no default notices of any kind were ever issued by defendants. Mr. Perez's declaration extensively documents how defendants never objected to any of the changes made to the residence. And, Mr. Perez's declaration explained that he and Ms. Perez would be responsible for any future commissions. Plaintiffs' evidence must be liberally construed. (*Mann v. Cracchiolo* (1985) 38 Cal.3d 18, 35; *Branco v. Kearny Moto Park, Inc.* (1995) 37 Cal.App.4th 184, 189.) Accordingly, when plaintiffs'

2

evidence is liberally construed, there is a triable controversy as to the materiality of any breach of any duties owed under the option agreement and any other document.

Let a writ of mandate issue directing the respondent court to set aside its August 20, 2015 order granting the summary adjudication motion as modified on November 9, 2015. Upon remittitur issuance, the respondent court is to issue a new order denying the summary adjudication motion. Plaintiffs, Gabriel and Nicole Perez, are to recover their costs incurred in connection with these extraordinary writ proceedings from defendants, Cory S. and Christine H. Hong.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


TURNER, P. J.

We concur:



BAKER, J.



KIRSCHNER, J.[*]

---

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.